# AMERICAN ARBITRATION ASSOCIATION
# COMMERCIAL ARBITRATION TRIBUNAL

| | |
|---|---|
| Dade Auctions, Inc. ) | Case No: 01-21-0016-7725 |
| Claimant, ) | |
| v. ) | |
| ) | **FINAL AWARD** |
| Oak Cliff Recycling, Inc., ) | |
| Respondent. ) | |
| ) | |

Cary R. Cooper, having been designated as the Arbitrator in accordance with the September 15, 2020, agreement captioned "Dade Auctions Equipment Listing and Consignment Agreement for the Auction and Buy It Now Listings ("Agreement"), between the Parties, and having been duly sworn and having heard the allegations and the proofs of the Parties and having entered an Interim Award dated October 17, 2022, which is confirmed, and incorporated as if fully set forth herein, does hereby issue the Final Award:

In the October 17, 2022, Interim Award, the Arbitrator held that Oak Cliff Recycling, Inc. ("Oak Cliff") breached the Agreement, and that Dade Auctions, Inc. ("Dade Auctions" or "Dade") is entitled to recover $135,000 against Oak Cliff, together with interest at the rate permitted under Ohio law from the date of the Interim Award until paid in full, and as the prevailing party, Dade Auctions is further entitled under ¶ 17 of the Agreement to recover attorney fees and costs of the Arbitration.

The case is now before the Arbitrator on Dade Auctions' October 31, 2022, application for attorney fees of $22,275, and reimbursement of Arbitration costs and expenses of $7,695. Under the Interim Award, Oak Cliff had until November 14, 2022, to file a response to Dade's application for fees and costs if Oak Cliff chose to do so, but Oak Cliff did not file any response. Notwithstanding Oak Cliff's failure to file a response, the Arbitrator must review Dade Auctions' request for fees and expenses and award only amounts determined to be reasonable under the facts and circumstances of this case.

In determining fees, Ohio courts use a two-step process: 1) determine the so-called lodestar fees by multiplying the number of hours reasonably expended by reasonable hourly rates; and 2) determining whether to adjust the lodestar amount based on the reasonableness factors listed in Professional Conduct Rule 1.5(a). See

1

*Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St. 3d 143 (1991); *Miller v. Grimsley*, 197 Ohio App. 3d 167, 173 (10th Dist. 2011).

The reasonableness factors listed in Rule 1.5(a) include:

- the time and labor required;

- the novelty and difficulty of the questions involved;

- the skill requisite to perform the legal services properly;

- the fee customarily charged in the locality for similar services;

- the amount involved and the results obtained;

- the time constraints imposed by the circumstances;

- the experience, reputation, and ability of the lawyers performing the services; and,

- whether the fee is fixed or contingent.

The official comment to Prof. Cond. R. 1.5 states that R. 1.5(a) "requires that lawyers charge fees that are reasonable under the circumstances", and that all factors specified in "(a)(1) through (8) are not exclusive."

The most recent survey of rates for legal services in Ohio was conducted by the Ohio State Bar Association in 2019. A copy is available from the Ohio State Bar Association or at (Ohio Bar 2019 Economics of Law Practice Study). The 2019 Survey considerers attorney hourly rates by firm size, area of practice, office location, field of law practiced, and practice classification (Survey pp.44-45). Similar information is available for legal assistants and paralegals. (Id. At 49, 50-53).

Applying Ohio's two-step process for determining the reasonableness of fees together with the Ohio State Bar Association's 2019 Survey, including fees charged in the Toledo, Ohio area, the Arbitrator determines that $250 per hour charged by Dade Auction's attorney Dennis E. Sawan is a fair and reasonable fee in this case by attorney Sawan. The Arbitrator finds that counsel made a high-quality, focused presentation of the case, including the pleadings, the briefs and other written material.

The Arbitrator has reviewed the time recorded, the general and brief description of the tasks described in the fee bill, as well as the work product prepared and filed in the case by Dade Auction's counsel. The Arbitrator accepts the time recorded in the bill

2

for services to be reasonable and necessary, and appropriate for services provided in this case.

Accordingly, the Arbitrator finds that the total fees of $22,275 for legal services are fair, reasonable, and necessary fees for services rendered by counsel in this case.

The Arbitrator notes that while the majority of the hours charged were documented by Dade's counsel at or about the time the service was rendered, counsel states that the hours attributed to preparing for and conducting the hearing were estimated for the stated reason that counsel had agreed with Dade Auctions to handle the preparation for the hearing and the hearing itself to an agreed upon fee of $8,000. The Arbitrator finds the $8,000 and the estimated time and description of services rendered for the preparation and hearing time to be reasonable and necessary for this case.

The Arbitrator has also reviewed Dade Auctions' itemized list of expenses for presenting the case which included $1,395.00 for fees paid to the court reporter and for fees paid to AAA. The Arbitrator finds these costs to be reasonable and necessary costs and that Dade Auctions is entitled to recover the fees and costs as the prevailing party under the terms of the Agreement.

For the reasons stated above and for the reasons stated in the Interim Award entered on October 17, 2022, the Arbitrator reaffirms and incorporates herein by reference the Interim Award and damages of $135,000.00 in favor of Dade Auctions and against Oak Cliff together with interest at the rate permitted under Ohio law from October 17, 2022, until paid in full; and further that Dade Auctions is entitled to also recover its attorney fees of $22,275.00 , and $1,395.00 for its costs for the court reporter, with interest on the fees and expenses at the rate provided by Ohio law from the date of this Final Award until paid in full.

The administrative filing fees of the AAA totaling $3,300.00 and the compensation of the arbitrator totaling $10,000.00 shall be borne by the Respondent. Therefore, the Respondent shall reimburse the Claimant the additional sum of $8,800.00 for said fees previously incurred by the Claimant, upon demonstration by the Claimant that said fees have been paid in full.

This Final Award is in full settlement of all claims submitted in this arbitration, and all claims not expressly granted are hereby denied.

IT IS SO ORDERED.

December 5, 2022.

Cary R. Cooper Arbitrator